**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ANISSA H.,[1]
     Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
     Defendant.

Case No. 2:21-cv-5315
Graham, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff Anissa H. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for

judicial review of the final decision of the Commissioner of Social Security (Commissioner)

denying plaintiff's applications for disability insurance benefits (DIB) and supplemental security

income (SSI).  This matter is before the Court on plaintiff's statement of errors (Doc. 11), the

Commissioner's response in opposition (Doc. 12), and plaintiff's reply memorandum (Doc. 13).

**I. Procedural Background**

This is plaintiff's second case before this Court.  Plaintiff protectively filed her

applications for DIB and SSI on February 9, 2017, alleging that she was disabled beginning

February 15, 2016, due to Post-Traumatic Stress Disorder (PTSD), a ruptured disc in her neck

causing compression on her spinal cord and limited range of motion in both arms, arthritis and

Premenstrual Dysphoric Disorder (PMDD).  (Tr. 636-44, 674).  Her applications were denied

initially and upon reconsideration.  Plaintiff, through counsel, requested and was granted a *de*

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

*novo* telephonic hearing before an administrative law judge (ALJ).  Plaintiff and a vocational

expert (VE) appeared and testified at the ALJ hearing on January 24, 2019.  (Tr. 298-314).  On

April 1, 2019, the ALJ issuing a decision denying plaintiff's applications.  (Tr. 278-97).  The

Appeals Council denied plaintiff's request for review, making the ALJ's decision final for

purposes of judicial review.  (Tr. 1–7).

On January 21, 2020, plaintiff appealed the final decision of the Commissioner to this

Court.  *See Anissa H. v. Comm'r of Soc. Sec.*, No. 2:20-cv-339 (S.D. Ohio).  This Court

remanded the case to the Commissioner.  (Tr. 2255-2268).  After the Appeals Council issued a

remand order (Tr. 2269–2273), the ALJ conducted a telephonic hearing on July 27, 2021.  (Tr.

2201–2221).  Plaintiff's application was denied again on August 16, 2021.  (Tr. 2161–2200).

Plaintiff did not request review by the Appeals Council, opting instead to directly file this action

on November 15, 2021.  (Doc. 1).

## II.  Analysis

### A.  Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be

expected to last for a continuous period of not less than 12 months.  42 U.S.C. §§ 423(d)(1)(A)

(DIB) and 1382c(a)(3)(A) (SSI).  The impairment must render the claimant unable to engage in

the work previously performed or in any other substantial gainful employment that exists in the

national economy.  42 U.S.C. §§ 423(d)(2) and 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled.  If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)).[2]  The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.; Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 548 (6th Cir. 2004).  Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy.  *Rabbers,* 582 F.3d at 652; *Harmon v. Apfel,* 168 F.3d 289, 291 (6th Cir. 1999).

---

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Miller v. Comm'r of Soc. Sec.*, No. 3:18-cv-281, 2019 WL 4253867, at *1 n.1 (S.D. Ohio Sept. 9, 2019) (quoting *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007)).  The Court's references to DIB regulations should be read to incorporate the corresponding and identical SSI regulations, and vice versa, for purposes of this Report and Recommendation.

## B. The Administrative Law Judge's August 16, 2021 Findings

The ALJ applied the sequential evaluation process and made the following findings of

fact and conclusions of law:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2021.

2. [Plaintiff] has not engaged in substantial gainful activity since February 15, 2016, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: degenerative disc disease/herniated disc cervical spine status-post anterior discectomy and fusion (ACDF); obesity; posttraumatic stress disorder (PTSD)/unspecified trauma/stressor disorder; depressive disorder; generalized anxiety disorder; borderline personality disorder; somatoform/conversion-type phenomena; attention deficit hyperactivity disorder (ADHD); and substance use disorders (cocaine and alcohol) (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the [ALJ] finds that [plaintiff] has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasional climbing of ramps and stairs but never climbing of ladder, rope, or scaffold. Occasional balance, stoop, kneel, crouch and crawl. Work would be limited to simple repetitive tasks performed in a work environment free of fast pace production requirements involving only simple work related decision with few if any workplace changes that can be easily explained. Capable of brief interactions with supervisors and coworkers sufficient to learn the simple repetitive position and exchange appropriate work information without negotiation, persuasion or conflict resolution, and with no public contact.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).[3]

---

[3] Plaintiff's past relevant work was as a cashier, an unskilled, light position; a customer service representative, a semi-skilled, sedentary position; and a dog groomer, a semi-skilled, medium position. (Tr. 2191, 2205).

7. [Plaintiff] was born . . . [in] 1982 and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [plaintiff] is "not disabled," whether or not [plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).[4]

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from February 15, 2016, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 2166-2192).

### C.  Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. §

405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by

substantial evidence, and (2) whether the ALJ applied the correct legal standards.  *See Blakley v.*

*Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.,*

478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, __

---

[4] The ALJ relied on the VE's testimony to find that plaintiff would be able to perform the requirements of representative light, unskilled occupations such as a garment folder (50,000 jobs nationally), inspector/packer (100,000 jobs nationally), and hand packager (75,000 jobs nationally).  (Tr. 2192, 2206).

U.S. __, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers,* 582 F.3d at 651 (quoting *Bowen,* 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545–46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

### D.      Specific Errors

In her Statement of Errors, plaintiff contends that the ALJ: (1) failed to give weight to the Veterans Administration (VA) disability determination which found her 80% disabled; (2) failed to properly weigh the opinion from plaintiff's treating psychiatrist, Dr. Davidson; and (3) erred in finding a residual functional capacity that did not account for the opinions of the state agency psychologists whom the ALJ credited. (Docs. 11 and 13).

The Commissioner counters that the ALJ properly followed the regulations in effect for this matter when he found plaintiff's service-connected disability rating from the Veterans

Administration to be non-binding and accorded it no weight.  The ALJ also reasonably gave little

weight to Dr. Davidson's brief letter stating that plaintiff was disabled, written the day after she

began treating plaintiff.  Finally, according to the Commissioner, substantial evidence supports

the ALJ's decision to give partial weight to the assessments provided by two state agency

reviewing psychologists.  While the ALJ based his RFC findings on the limitations they opined,

he explained why he used somewhat different restrictions in the RFC rather than adopt their

language verbatim.  (Doc. 12).

> 1. The ALJ's Evaluation of the VA Disability Rating is Not Supported by Substantial Evidence

Plaintiff, a veteran, was determined to be 80% disabled by the VA due to PTSD and

limited range of motion in her arm and ankle.  (Doc. 11 at PAGEID 3093, citing Tr. 2546, 2553,

and 2555).  Plaintiff contends that the ALJ violated SSR 06-3p[5] by failing to properly consider

the VA disability rating determination.  (Doc. 11 at PAGEID 3092-93).  The Commissioner

counters that the ALJ is not bound by VA disability ratings and that SSR 06-3p was rescinded

effective March 27, 2017 for all claims, even those filed after that date.  (Doc. 12 at PAGEID

3156-57).

 The ALJ found:

> There are also references to service connection disability 80% to 100% primarily
> for PTSD but also noted left ankle injury.  However, these do not constitute
> opinions and are specific to the VA and irrelevant for purposes of disability.  The
> undersigned gives these no weight.

---

[5] "Social Security Rulings do not have the force and effect of law, but are 'binding on all components of the Social Security Administration' and represent 'precedent final opinions and orders and statements of policy and interpretations' adopted by the Commissioner." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 272 n.1 (6th Cir. 2010) (quoting 20 C.F.R. § 402.35(b)(1)).

(Tr. 2187).

For claims filed after March 27, 2017, the applicable regulations expressly "state that the ALJ need not provide an analysis concerning plaintiff's disability rating from the VA." *Raymond R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-539, 2022 WL 1590817, at *4 (S.D. Ohio May 19, 2022), *report and recommendation adopted*, 2022 WL 2965289 (S.D. Ohio July 27, 2022) (citing 20 C.F.R. § 404.1504).  However, the instant claim was filed before March 27, 2017.

Even for claims filed prior to March 27, 2017, "a determination made by another agency that you are disabled or blind is not binding" on the Commissioner.  20 C.F.R. § 404.1504 (effective until March 26, 2017).  *See Turcus v. Soc. Sec. Admin.*, 110 F. App'x, 630, 632 (6th Cir. 2004) ("[A] decision by another government agency as to an individual's disability is not binding upon the Social Security Administration.").

Plaintiff contends that, even though the VA disability rating is not binding, SSR 06-3p required the ALJ to consider and to explain how he considered the VA determination.  (Doc. 11 at PAGEID 3093).  Thus, plaintiff argues, the ALJ violated SSR 06-3p by simply dismissing the VA decision as irrelevant.  (*Id.*).

SSR 06-3p provides in relevant part:

[W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)).  Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006).

It is undisputed that SSR 06-3p has been rescinded, effective March 27, 2017.[6]

Nevertheless, the undersigned finds that the Ruling applies to plaintiff's claim, which was filed

before the effective date of the rescission.  The relevant Social Security regulation specifies that

the revised regulation applies to claims filed "on or after March 27, 2017."  20 C.F.R. §

404.1504.  The regulation states:

> Because a decision by any other governmental agency or a nongovernmental entity
> about whether you are disabled, blind, employable, or entitled to any benefits is
> based on its rules, it is not binding on us and is not our decision about whether you
> are blind or disabled under our rules.  Therefore, in claims filed (*see* § 404.614) *on
> or after March 27, 2017*, we will not provide any analysis in our determination or
> decision about a decision made by any other governmental agency or a
> nongovernmental entity about whether you are disabled, blind, employable, or
> entitled to any benefits.  However, we will consider all of the supporting evidence
> underlying the other governmental agency or nongovernmental entity's decision
> that we receive as evidence in your claim . . . .

20 C.F.R. § 404.1504 (emphasis added).  As explained by one court:

> If the agency will not provide analysis of other agency decisions for claims filed
> *after* March 27, 2017, this Court can only conclude that the revised Rule requires
> the agency to provide such analysis for claims filed *before* that date. . . .  The Court
> finds that, for applications filed before March 27, 2017, the ALJ was required to
> consider the VA disability determination and explain the consideration given to that
> decision.

*Pitts v. Comm'r of Soc. Sec.*, No 1:19-cv-1003, 2021 WL 235827, at *8 n.6 (S.D. Ohio Jan. 25,

2021), *report and recommendation adopted*, 2021 WL 735222 (Feb. 25, 2021) (Cole, J.)

(quoting *Johnson v. Saul*, No. 3:18-cv-01106, 2020 WL 1329915, at *3 (M.D. Tenn. Mar. 23,

2020)); *Shafor v. Comm'r of Soc. Sec.*, No. 1:19-cv-860, 2020 WL 7639616, at *9 n.6 (S.D. Ohio

---

[6] Initially, the Notice of Rescission stated, "Effective Date: This rescission will be effective for claims filed on or
after March 27, 2017."  82 Fed. Reg. 15263-01, 2017 WL 1105348 (March 27, 2017).  On April 6, 2017, the Social
Security Administration corrected the Notice of Rescission to read, "Effective Date: March 27, 2017."  82 Fed. Reg.
16869-02, 2017 WL 1245548 (April 6, 2017).  The language of 20 C.F.R. § 404.1504 remains unchanged.

Dec. 23, 2020), *report and recommendation adopted*, 2021 WL 185078 (Jan. 19, 2021) (Dlott, J.) (quoting *Johnson*, 2020 WL 1329915, at \*3).  *See also Joseph v. Comm'r of Soc. Sec.*, 741 F. App'x 306, 310 (6th Cir. 2018) ("Still, we have clarified that an ALJ must at least consider a VA's disability decision and explain reasons for the weight she assigns it.").

Even though the Social Security Administration changed the effective date language in rescinding SSR 06-3p, the language in 20 C.F.R. § 404.1504 (i.e., "in claims filed . . . *on or after March 27, 2017*, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled") remains unchanged.  Therefore, for claims filed before March 27, 2017, the ALJ is required to consider the VA disability determination and explain how he analyzed that decision.  Here, the ALJ failed to do so, and plaintiff's first assignment of error should be sustained.

2.  <u>The ALJ's Evaluation of Dr. Davidson's Opinion is Not Supported by Substantial Evidence</u>

a.  *Dr. Davidson's Opinion and the ALJ's assessment*

Plaintiff began treating with a psychiatrist at the VA, Anne Davidson, M.D. on June 26, 2017.  (Tr. 1689-93).  On June 28, 2017, Dr. Davidson, reported that she assessed plaintiff with ADHD and PTSD.  She also noted that plaintiff was undergoing medication changes to reduce her level of symptoms.  Dr. Davidson opined that plaintiff was not able to work at that time.  She was quick to anger and not able to adapt to working conditions and supervisory input.  She had to leave her job in November due to interpersonal conflict at the workplace.  (Tr. 1631).

The ALJ assessed Dr. Davidson's opinions as follows:

> The [ALJ] gives [Dr. Davidson's] opinion little weight.  Firstly, it is not consistent with the evidence.  For example, [plaintiff] quit her last job due to difficulty dealing with unhappy customers in a customer service capacity not due to problems getting along with others in the workplace as this opinion suggests.  Secondly, Dr. Davidson did not include that [plaintiff] was being treated for cocaine addiction at that time despite the adverse effect [plaintiff]'s cocaine use has had on her overall well-being and mental impairments.  The failure to address [plaintiff]'s drug use undermines the overall persuasiveness of the opinion.  Further, although Dr. Davidson is a treating source, as that term is defined in the Regulations, Dr. Davidson had a short treating relationship with [plaintiff] at the time of this opinion, as [plaintiff] was first evaluated just the day before this opinion, which likewise renders the opinion less persuasive.  Dr. Davidson's opinion also finds that [plaintiff] was not able to work largely due to deficits in adaptation and interacting with others but did not offer specific, functional assessment of what [plaintiff] could do despite her impairments.  Rather, statements such as [plaintiff] is "unable to work" are issues dispositive to a finding of disability and thus are issues reserved to the Commissioner and are not given any special significance (20 CFR 404.1527(d)(1) & (3)).  Dr. Davidson's opinion is not consistent with nor supported by the evidence and is thus given little weight.

(Tr. 2187-88).

      b.   *Applicable law*

Plaintiff contends that the ALJ erred in weighing the opinions of plaintiff's treating psychiatrist, Dr. Anne Davidson, M.D.  (Doc. 11 at PAGEID 3094-99).  The Commissioner argues that the ALJ properly weighed Dr. Davidson's summary letter and provided good reasons for assigning it "little weight."  (Doc. 12 at PAGEID 3158-63).

For claims filed prior to March 27, 2017,[7] it is well-established that the findings and opinions of treating physicians are entitled to substantial weight.  Under the treating physician rule, "greater deference is generally given to the opinions of treating physicians than to those of

---

[7]For claims filed on or after March 27, 2017, new regulations apply for evaluating medical opinions.  *See* 20 C.F.R. § 404.1520c and 20 C.F.R. § 416.920c; *see also* 82 Fed. Reg. 5844-01, 2017 WL 168819 (technical errors corrected by 82 Fed. Reg. 15132-01, 2017 WL 1105368 (Mar. 27, 2017)).  These new regulations eliminate the "treating physician rule" and deference to treating source opinions, including the "good reasons" requirement for the weight afforded to such opinions.  *Id.*

non-treating physicians . . . ." *Rogers*, 486 F.3d at 242; *Wilson*, 378 F.3d at 544.  The rationale

for the rule is that treating physicians are "the medical professionals most able to provide a

detailed, longitudinal picture of [plaintiff's] medical impairment(s) and may bring a unique

perspective to the medical evidence that cannot be obtained from the objective medical findings

alone."  *Rogers*, 486 F.3d at 242.

A treating source's medical opinion must be given controlling weight if it is (1) "well-

supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "not

inconsistent with the other substantial evidence in [the] case record[.]"  20 C.F.R. §§

404.1527(c)(2), 416.927(c).  *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir.

2013).  If a treating source's medical opinion is not entitled to controlling weight, the ALJ must

apply the following factors in determining what weight to give the opinion: the length of the

treatment relationship and the frequency of examination, the nature and extent of the treatment

relationship, supportability of the opinion, consistency of the opinion with the record as a whole,

and the specialization of the treating source.  *Wilson*, 378 F.3d at 544.  "The Commissioner is

required to provide 'good reasons' for discounting the weight given to a treating-source

opinion."  *Gayheart*, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)).

The Commissioner is "responsible for making the determination or decision about

whether [plaintiff] meet[s] the statutory definition of disability."  20 C.F.R. § 404.1527(d)(1).

The Commissioner relies on treating sources and other medical sources "to provide evidence,

including opinions, on the nature and severity of [plaintiff's] impairment(s)."  20 C.F.R. §§

404.1527(d)(1), 416.927(d)(1).  Opinions on issues reserved to the Commissioner, including

opinions that a claimant is "disabled" or "unable to work," are not medical opinions as described under 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1).  20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). They are "administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." *Id.*  The Commissioner does "not give any special significance to the source of an opinion" on an issue reserved to the Commissioner.  20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).  *See Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) (citing Social Security Ruling (SSR) 96-5p,[8] 1996 WL 362206 (July 2, 1996) ("even when offered by a treating source," an opinion that a claimant is "disabled" or "unable to work" is "never [ ] entitled to controlling weight or given special significance.")).  However, the ALJ must still "explain the consideration given to the treating source's opinion(s)." *Bass*, 499 F.3d at 511 (quoting SSR 96-5p).

     c.    *Analysis*

On June 28, 2017, Dr. Davidson wrote a letter, the body of which states in its entirety:

To Whom It May Concern:

The above named individual has been under my care since June 26, 2017.  She has been diagnosed with PTSD (Post-Traumatic Stress Disorder) and Attention Deficit Hyperactivity Disorder.  At this time, she is undergoing medication changes to reduce her level of symptoms.

I am writing this letter at her request to advise you that, in my opinion, she is not able to work at the present time.  She is very quick to anger and is not able to adapt to working conditions and supervisory input.  She had to leave a job last November, when she last worked, due to interpersonal conflict at the workplace.

Should her circumstances change, I can advise you in writing in the future.  Thank you for your consideration.

---

[8]SSR 96-5p has been rescinded for claims filed on or after March 27, 2017.  *See* SSR 96-2p, 2017 WL 3928298 (March 27, 2017).  Because plaintiff filed her claims prior to March 27, 2017, SSR 96-5p applies here.

(Tr. 1631).

As an initial matter, the ALJ properly gave no special significance to Dr. Davidson's opinion that plaintiff is "not able to work at the present time." (Tr. 2188). Issues dispositive to the disability finding are reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). *See Bass*, 499 F.3d at 511.

In determining that Dr. Davidson's opinion is not entitled to controlling weight, the ALJ provided several good reasons for doing so. Those reasons include inconsistency with other evidence, lack of supportability, the extremely short treatment relationship, the fact that she had only seen plaintiff once, and because she did not offer a "specific, functional assessment of what [plaintiff] could do despite her impairments." (Tr. 2187-88).

However, the ALJ also discounted Dr. Davidson's opinion because she "did not include that [plaintiff] was being treated for cocaine addiction at that time despite the adverse [e]ffect the [plaintiff's] cocaine use has had on her overall well-being and mental impairments. The failure to address [plaintiff's] drug use undermines the overall persuasiveness of the opinion." (Tr. 2187).

The Social Security Act implementing regulations establish the process an ALJ must follow when issues of substance abuse are present. *Gayheart*, 710 F.3d at 380-81; *Hensley v. Comm'r of Soc. Sec.*, No. 1:12-cv-653, 2013 WL 4258852, at *5 (S.D. Ohio Aug. 15, 2013), *report and recommendation adopted* 2013 WL 5487233 (Sept. 29, 2013) (citing 20 C.F.R. §§ 404.1535, 416.935). Substance abuse is a concern only after the ALJ has made an initial determination that a claimant is disabled. *Hensley*, 2013 WL 4258852, at *5 (quoting

14

*Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003)).  Substance abuse "is not a factor to be considered in determining the weight to be given to a treating-source opinion."  *Gayheart*, 710 F.3d at 381 (citing 20 C.F.R. § 404.1527(c)).  *See Robinson v. Comm'r of Soc. Sec.*, No. 2:14-cv-01682, 2015 WL 5768483, at *7 (S.D. Ohio Sept. 30, 2015) (Sargus, J.) ("An ALJ errs if he improperly considers a claimant's substance abuse when assessing weight to treating source opinions."); *Hensley*, 2013 WL 4258852, at *7 (ALJ erred in giving "little weight" to opinion of treating psychiatrist "in part because the ALJ found [treating psychiatrist] did not address plaintiff's substance abuse.").

In this case, the ALJ found plaintiff not disabled but assigned little weight to Dr. Davidson's opinion, in part, because "[t]he failure to address [plaintiff's] drug use undermines the overall persuasiveness of the opinion."  (Tr. 2187).  While the ALJ erred by considering plaintiff's substance abuse in evaluating Dr. Davidson's opinion, such error is harmless.

Where a treating source's opinion is "so patently deficient that the Commissioner could not possibly credit it," failure to observe procedural safeguards does not warrant reversal. *Wilson*, 378 F.3d at 547.  In this case, Dr. Davidson's very brief opinion letter offered little substance.  She indicated that plaintiff was unable to work at that time—a finding reserved to the Commissioner by 20 C.F.R. §§ 404.1527(d)(3)—and that plaintiff was quick to anger and unable to adapt to working conditions.  (Tr. 1631).  She provided no functional limitations and no specific assessments on which the ALJ could otherwise rely.  Therefore, because Dr. Davidson's opinion is patently deficient, erroneously considering plaintiff's substance abuse in evaluating the opinion constitutes harmless error.

        3.      <u>Plaintiff's RFC is Supported by Substantial Evidence</u>

The ALJ alone is responsible for determining a Plaintiff's residual functional capacity (RFC).  *See* 20 C.F.R. § 404.1546(c).  While medical source opinions are considered, the final responsibility for deciding the RFC is reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(d); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x. 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.").  An RFC determination is a legal decision rather than a medical one, and the development of a claimant's RFC is solely within the province of an ALJ.  *See* 20 C.F.R. §§ 404.1527(e), 405.1546; *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).  "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).  "However, if the ALJ accepts a medical opinion but does not include a restriction recommended by that expert in the RFC, the ALJ must explain why he did not do so." *Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-cv-58, 2020 WL 240812, at *2 (S.D. Ohio Jan. 16, 2020).  "[A] district court cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Ephraim v. Saul*, No. 1:20CV00633, 2021 WL 327755, at *7 (N.D. Ohio Jan. 8, 2021), *report and recommendation adopted sub nom. Ephraim v. Comm'r of Soc. Sec.*, No. 1:20CV633, 2021 WL 325721 (N.D. Ohio Feb. 1, 2021) (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)).

The state agency psychological consultants found that plaintiff's "workplace should consist of 1 – 3 step tasks and not have high pace or production requirements." (Tr. 528, 557-58). In addition, plaintiff "can interact briefly and occasionally in situations that do not require more than superficial contact with coworkers and supervisors. No contact with the general public. No resolving conflicts or persuading others to follow demands." (Tr. 528, 558). Finally, due to impaired stress tolerance, plaintiff "retains the ability to work in an environment that has infrequent changes that can be explained" and "in an environment where contact w/ others is infrequent & then superficial." (Tr. 529, 558).

The ALJ found the state agency psychological consultants' assessments "less persuasive" and gave them "partial weight." (Tr. 2188). The ALJ crafted the psychological portion of plaintiff's RFC as follows:

> Work would be limited to simple repetitive tasks performed in a work environment free of fast pace production requirements involving only simple work related decision with few if any workplace changes that can be easily explained. Capable of brief interactions with supervisors and coworkers sufficient to learn the simple repetitive position and exchange appropriate work information without negotiation, persuasion or conflict resolution, and with no public contact.

(Tr. 2170).

This matter was previously remanded because the ALJ failed to "consider whether Plaintiff did, in fact, require a limitation to only superficial interaction because he incorrectly concluded that such a limitation is either vague or was otherwise accommodated by limiting Plaintiff to only occasional interaction." (Tr. 2265). On remand, the ALJ again declined to include a limitation to "superficial" interactions since "[t]here is no one accepted definition of superficial in this context because it is not defined in the *Dictionary of Occupational Titles*

(DOT) or its companion resources, rendering use of the term alone fraught with ambiguity." (Tr. 2190). However, the ALJ explained that, while not adopting the term "superficial," the RFC he crafted "nevertheless limits the quality of interaction: brief (quantity) interactions with supervisors and coworkers *sufficient to learn the simple, repetitive position and exchange appropriate work information without negotiation, persuasion, or conflict resolution* (quality)." (Tr. 2190). The ALJ further explained that the RFC "limitation itself describes to what extent [plaintiff] can interact with others in a work setting and thus defines the quantity of interactions in addition to limiting the quantity" and includes a limitation "related to the ability to tolerate change in the work setting." (*Id.*).

Plaintiff objects to the ALJ's refusal to include a limitation to superficial interactions and contends that the ALJ's attempt to replace the term "superficial" with an ad hoc definition of the word "is entirely arbitrary" and "renders the ALJ's definition of the term 'superficial' unreviewable." (Doc. 11 at PAGEID 3102). The issue, however, is not whether the ALJ appropriately defined the word "superficial." Indeed, the ALJ is under no obligation to impose a superficial interactions limitation. *See Reeves*, 618 F. App'x at 275 (6th Cir. 2015). The issue is whether the ALJ explained the basis for the RFC determination. *See Hankinson v. Comm'r of Soc. Sec.*, 2020 WL 240812, at *2. The Court concludes that he did.

The ALJ explained that he incorporated the state agency consultants' limitations to address and accommodate plaintiff's psychological symptoms and limitations. However, he elected not to adopt the consultants' limitations verbatim because he sought to "state limitations in vocationally relevant, policy compliant terms that elucidate [plaintiff's] limitations." (Tr.

2188). Specifically, the ALJ explained, the RFC limitations address plaintiff's ability to concentrate on tasks, adapt to workplace stress, and interact with others by limiting the complexity of tasks, pace and production requirements, number and complexity of changes in the workplace, and both the quantity and quality of required interpersonal interactions. (*Id.*). The ALJ further explained that he considered the "superficial" definition proposed by plaintiff's representative at the hearing but determined that the proposed definition was "overly narrow as to be rendered meaningless in a vocational context" and "suggested that [plaintiff] could not hold a conversation beyond a simple greeting and thus could not interact with others even to learn the simplest of tasks in a work setting." (Tr. 2189). The ALJ determined that such a restrictive limitation was "wholly unsupported by the evidence, including [plaintiff's] presentation throughout the record and at the hearings." (*Id.*). As the ALJ adequately explained the basis for his RFC finding—a finding that the ALJ alone is empowered to craft—the Court finds plaintiff's third alleged error without merit.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's Statement of Errors (Doc. 11) be **SUSTAINED** as to the first error alleged, and the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

Date: 2/8/2023

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ANISSA H.,                                    Case No. 2:21-cv-5315
      Plaintiff,                          Graham, J.
                                              Litkovitz, M.J.
vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.


**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas* v. *Arn,* 474 U.S. 140

(1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).