IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Anissa H.,

               Plaintiff,

v.

Commissioner of Social Security,

               Defendant.

Case No. 2:21-cv-5315

Judge Graham

Magistrate Judge Litkovitz

Order

This social security matter is before the Court for consideration of the Report and Recommendation of the Magistrate Judge to whom this case was referred pursuant to 28 U.S.C. §636(b). The Magistrate Judge recommended that the plaintiff's first statement of error be sustained and that the decision of the Commissioner of Social Security be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

Plaintiff is a veteran who was determined to be 80% disabled by the Veterans Administration. In her statement of errors, she argued that the Administrative Law Judge failed to consider and give weight to the VA's disability determination. The Magistrate Judge agreed, quoting the ALJ's statement that the VA's determination was "irrelevant" and would not be considered. The Magistrate Judge found that the ALJ violated Social Security Regulation 06-03p, providing that:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

*See also Johnson v. Saul*, No. 3:18-CV-01106, 2020 WL 1329915, at *3 (M.D. Tenn. Mar. 23, 2020) (holding that under SSR 06-03p, "the ALJ was required to consider the VA disability determination and explain the consideration given to that decision").

In his objection, the Commissioner does not dispute that SSR 06-03p applies to this situation. But he argues that the ALJ satisfied it requirements by acknowledging the existence of the

1

VA's determination that plaintiff is 80% disabled.  The Commissioner further emphasizes that the VA's disability determination is non-binding on the ALJ.

The Commissioner's objection lacks merit.  While it is true that the VA's disability determination is not binding on the ALJ, *see* 20 C.F.R. § 404.1504, the VA's decision "cannot be ignored," which is exactly what the ALJ did.  The ALJ summarily noted that the VA's decision was "specific to the VA and irrelevant for purposes of disability."  (Tr. 2187).  The ALJ's mere acknowledgment of the existence of the VA's decision does not satisfy the requirement of SSR 06-03p that the ALJ give consideration to the VA's disability determination.  *See West v. Berryhill*, No. 2-14-cv-00102, 2017 WL 2369530, at *7 (M.D. Tenn. May 31, 2017) ("mere acknowledgement that another agency decision is not binding is not proper consideration or explanation" of that decision); *accord Lowery v. Comm'r of Soc. Sec.*, 886 F.Supp.2d 700, 707 (S.D. Ohio 2012) ("[M]erely referencing the disability finding of the Department of Veterans Affairs does not equate to an analysis of same or a consideration of the evidence presented to that administrative agency.").  And the ALJ's "cursory rejection of the [agency's] determination as 'based on its own rules' is insufficient consideration . . . ." *McPhee v. Comm'r of Soc. Sec.*, No. 12-cv-13931, 2013 WL 3224420, at *14 (E.D. Mich. Jun. 25, 2013); *accord Rivett v. Colvin*, 2014 WL 5822858, at *9, No. 2:11-cv-00111, 2014 WL 5822858, at *8 (M.D. Tenn. Nov. 7, 2014).

Upon *de novo* review, the Court OVERRULES the Commissioner's Objection (doc. 16).  The Court hereby ADOPTS the Report and Recommendation (doc. 16) and SUSTAINS plaintiff's first statement of errors and REVERSES AND REMANDS the decision of the Commissioner for further proceedings consistent with this Order pursuant to Sentence Four of 42 U.S.C. § 405(g).

        s/ James L. Graham  
        JAMES L. GRAHAM  
        United States District Judge

DATE: March 29, 2023